IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL JACKSON,  )<br>                  )<br>          Petitioner,  )<br>                  )<br>     v.           )<br>                  )<br>FRED BRITTEN,         )<br>                  )<br>          Respondent.  )<br>_____) | 4:08CV3155<br><br><br><br>MEMORANDUM OPINION |

This matter is before the Court on respondent's motion for summary judgment (Filing No. 8). In support of his motion, respondent filed a brief, reply brief, and relevant State Court Records (Filing Nos. 7, 9, and 11). Petitioner Michael T. Jackson ("Jackson") filed a response to the motion and a reply brief (Filing Nos. 10 and 12). Respondent's Motion will be granted.

Liberally construing the allegations of Jackson's petition for writ of habeas corpus ("Petition") (Filing No. 1), he argues that the Petition should be granted because:

> Claim One: Jackson's conviction was obtained as a result of ineffective assistance of counsel because his trial counsel did not depose all potential witnesses, did not discover or present evidence of Jackson's "actual innocence," did not present exculpatory evidence at trial, and did not effectively cross-examine the State's witnesses.
>
> Claim Two: Jackson's conviction was obtained as a result of

> ineffective assistance of counsel because Jackson's trial counsel's performance violated his rights under the Sixth, Eighth, Eleventh, and Fourteenth Amendments to the United States Constitution.
>
> Claim Three:  Jackson's conviction was obtained as a result of ineffective assistance of counsel because Jackson's appellate counsel did not depose witnesses and did not discover or present evidence of Jackson's "actual innocence."
>
> Claim Four:  Jackson's conviction was obtained as a result of ineffective assistance of counsel because Jackson's appellate counsel's performance violated his rights under the Sixth, Eighth, Eleventh, and Fourteenth Amendments

(Filing No. 4 at CM/ECF pp. 1-2.)

## I.     BACKGROUND

On July 28, 1998, after a jury trial, Jackson was found guilty of one count of first degree murder, one count of first degree attempted murder, and two counts of use of a deadly weapon to commit a felony.  *State v. Jackson*, 582 N.W.2d 317, 323 (Neb. 1998).  Jackson was thereafter sentenced to life imprisonment on the first degree murder count, 25 years' imprisonment on the attempted murder count, and 20 years' imprisonment on each of the use of a deadly weapon counts.  *Id.*  Jackson, through counsel, filed a timely direct appeal.  (Filing No. 7-3, Attach. 2, at CM/ECF p. 1.)  Issuing a lengthy opinion, the Nebraska Supreme

Court affirmed Jackson's conviction and sentence on July 17, 1998. (*Id.* at CM/ECF p. 3.)

Jackson took no other action until January 23, 2002, when he filed a Verified Motion for Post-Conviction Relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska. (Filing No. 7-8, Attach. 7, at CM/ECF pp. 5-15.) The Douglas County, Nebraska, District Court denied the Post Conviction Motion, and Jackson filed a timely appeal of that decision. (*Id.* at CM/ECF p. 1.) After remanding the matter and instructing the district court to make specific factual findings, the Nebraska Supreme Court affirmed the denial of post-conviction relief on April 18, 2008. *State v. Jackson*, 747 N.W.2d 418, 427, 437 (Neb. 2008). After resolving a motion for rehearing, the Nebraska Supreme Court issued the mandate to the Douglas County, Nebraska District Court on June 26, 2008. Filing No. 7-5, Attach. 4, at CM/ECF p. 3.)

Jackson filed his Petition in this Court on July 18, 2008 (Filing No. 1). Respondent thereafter filed his motion for summary judgment, arguing that Jackson's Petition is barred by the relevant statute of limitations (Filing No. 8). In opposition, Jackson concedes that the Petition is not timely, but argues he is entitled to equitable tolling, or alternatively, that the limitations period set forth in 28 U.S.C. § 2244(d)(1)(D) applies (Filing Nos. 10 and 12).

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. *Lawrence v. Florida*, 549 U.S. 327, 331 (2007) (citing 28 U.S.C. § 2244(d)(1)).  This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review

-4-

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also* *Riddle v. Kemna, 523 F.3d 850, 852 (8th Cir. 2008)* (indicating that a post-conviction case is pending, and the limitations period is tolled, from the filing of the post-conviction motion until the mandate issues). Liberally construed, petitioner argues that he is either entitled to equitable tolling of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), or that 28 U.S.C. § 2244(d)(1)(D), not 28 U.S.C. § 2244(d)(1)(A) applies (Filing No. 10 at CM/ECF pp. 2-4).

### A. The Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

Jackson "concedes that his federal habeas corpus petition was not filed within the one-year limitations period established by AEDPA." (Filing No. 10 at CM/ECF p. 4.) The Court agrees. The Nebraska Supreme Court issued its opinion in Jackson's direct criminal appeal on July 17, 1998. Thus, the limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run on October 15, 1998, or 90 days after the conclusion of direct review. *See, e.g.*, *Riddle*, 523 F.3d at 852-55 (noting that the "expiration of the time for seeking direct review" includes the 90-day period for filing a petition for writ of certiorari where a petitioner appealed to the state "court of last resort"). Under 28 U.S.C. § 2244(d)(1)(A), Jackson had one year from that

date, or until October 15, 1999, to file a petition for federal habeas corpus relief in this court. Alternatively, if Jackson filed a state post-conviction motion prior to October 15, 1999, the limitations period would be tolled during the pendency of that action. Jackson did not file his Post Conviction Motion until January 23, 2002 (Filing No. 7-8, Attach. 7, at CM/ECF pp. 5-15). Jackson did not file his Petition in this Court until July 18, 2008 (Filing No. 1). Even though the time during the pendency of the Post Conviction Motion does not count, that motion was not filed until more than two years after the statute of limitations *had already expired* and therefore does not toll the statute of limitations. In light of this, the Court finds that Jackson's Petition was not timely filed under 28 U.S.C. § 2244(d)(1)(A).

### B. Equitable Tolling Under 28 U.S.C. § 2244(d)(1)(A)

Jackson argues that the untimeliness of his Petition under 28 U.S.C. § 2244(d)(1)(A) should be excused because he is "actually innocent" and because the law library and legal aides at his institution are inadequate (Filing No. 10 at CM/ECF pp. 3-5). The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Further, in order for a claim of "actual innocence" to toll the statute of limitations under 28 U.S.C. § 2244(d)(1)(A), a petitioner must:

> [S]how some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition with the period of limitations.

*Flanders*, 299 F.3d at 978. Thus, unless a petitioner submits evidence showing that the state prevented him from discovering the facts "soon enough to enable him to bring a timely habeas petition," a claim of actual innocence will not toll the statute of limitations. *Id. at 977*. Where a petitioner does "nothing for many years" to investigate an actual innocence claim, a

petitioner "has not been diligent in acting to protect her right to federal habeas review of her conviction" and equitable tolling is not appropriate. *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003); *see also Maghee v. Ault*, 410 F.3d 473, 476-77 (8th Cir. 2005) (affirming denial of equitable tolling where the petitioner did not diligently pursue his post conviction case and was "at fault" for failure to make inquiries and clear up confusion regarding the state-court proceedings).

Jackson argues that "[t]he claim of 'Actual Innocence' alone is enough to toll" the statute of limitations (Filing No. 10 at CM/ECF p. 4). Jackson is incorrect. As set forth above, in order to toll the statute of limitations based on an "actual innocence" claim, Jackson must present evidence that he diligently pursued his claims but that the State prevented him from timely filing his petition. He has not done so. The only evidence before the Court shows that Jackson's criminal conviction was final on October 15, 1998. For more than three years, Jackson *did nothing* to pursue his ineffective assistance of counsel claims. Beginning in 2002, Jackson filed his Post Conviction Motion, reviewed police reports and his case file, and hired a private investigator to assist him in investigating certain evidence presented during his criminal trial and direct appeal (Filing No. 12 at CM/ECF pp. 8-19). All of these actions could have been taken earlier, but Jackson chose to wait. There

is nothing in the record showing that respondent prevented him from taking these actions until 2002.

Liberally construed, Jackson also argues that equitable tolling is appropriate because the state-provided law library and legal aides at his institution are inadequate and because legal aides never advised him of the appropriate limitations period (Filing No. 10 at CM/ECF pp. 2-3; Filing No. 12 at CM/ECF p. 2). However, "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker*, 321 F.3d at 772 (affirming denial of equitable tolling where the petitioner argued that she didn't know of AEDPA's limitations period and that law library time was inadequate). In addition, equitable tolling is not appropriate simply because the petitioner has a "lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). These claims are therefore insufficient to support a claim of equitable tolling.[1] In short,

---

[1] While not clear, Jackson may be alternatively arguing that the limitations period set forth in 28 U.S.C. § 2244(d)(1)(B) applies because the inadequate law library and legal aides provided by respondent are a state-created impediment (Filing No. 10 at CM/ECF pp. 2-3.) However, the Eighth Circuit has recently held that "[t]he plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009). For the reasons already set forth in its discussion regarding equitable tolling, and because Jackson has not presented any evidence that respondent prevented or restricted his access to the law library or

Jackson has not pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Jackson's way of timely filing his Petition. The court finds that equitable tolling does not apply and Jackson's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

### C. The Limitations Period Under 28 U.S.C. § 2244(d)(1)(D)

Liberally construed, Jackson alternatively argues that the limitations period set forth in 28 U.S.C. § 2244(d)(1)(D), rather than in 28 U.S.C. § 2244(d)(1)(A), applies (Filing No. 10 at CM/ECF p. 5; Filing No. 12 at CM/ECF pp. 1-3). Jackson claims that he did not discover some of the evidence supporting his ineffective assistance of counsel claims, police reports not provided during his criminal trial, until he conducted discovery on his Post Conviction Motion. Thus, he could not have made claims relating to this evidence until one year after he received it.

Title 28, U.S.C. § 2244(d)(1)(D) sets forth a one-year statute of limitations, running from "the date on which the factual predicate of the claim or claims presented could have been discovered *through the exercise of due diligence*." *Id.*

---

the courts in any way, this argument fails. Rather, Jackson did nothing for more than three years and now seeks to blame respondent for not actively assisting him in filing his claims. However, respondent has no obligation to do so. There is nothing in the record indicating that Jackson's decision to do nothing for more than three years was a result of respondent's actions.

(emphasis added). Thus, unlike 28 U.S.C. § 2244(d)(1)(B), this section "contains a requirement that the petitioner have exercised 'due diligence'" in pursuing the factual predicate for his claims. *Earl*, 556 F.3d at 725. However, as recently stated by the Eighth Circuit:

> "[S]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

*Id.* at 726 (hyperlinks added).

Jackson claims that he "diligently pursued" his claims beginning in 1997 (Filing No. 12 at CM/ECF p. 3). However, the record does not support that claim. It is undisputed that Jackson did not take *any action* between the conclusion of the time for filing a petition for writ of certiorari on October 15, 1998, and the filing of his Post Conviction Motion on January 23, 2002. It is also undisputed that, after the filing of his Post Conviction Motion, Jackson received additional police reports which he claims support his claims of ineffective assistance of counsel.[2] (Filing No. 12 at CM/ECF pp. 4-5.) These additional

---

[2] The Court notes that, in resolving the Post Conviction Motion, the Douglas County, Nebraska District Judge specifically found that, while the police reports were not produced during Jackson's criminal trial, they contained information that Jackson may have committed his crimes because "he was hired to do so." Therefore, the additional police reports were "potentially

-11-

police reports were produced in the normal course of the post conviction proceedings.  There is nothing before the Court indicating that Jackson could not have filed his Post Conviction Motion earlier, thus receiving the police reports earlier. Although he knew of his ineffective assistance of counsel claims before the conclusion of his trial and direct appeal, Jackson simply did not pursue the factual predicate for those claims at all, let alone diligently, for more than three years.  Because Jackson is not entitled to "an extended delay," to discover "every possible scrap of evidence," and because he did absolutely nothing to pursue his federal habeas claims for a lengthy period of time, the limitations period under 28 U.S.C. § 2244(d)(1)(D) does not apply.  A separate order will be entered herein in accordance with this memorandum opinion.

       DATED this 28th day of April, 2009.

                         BY THE COURT:

                         /s/ Lyle E. Strom
                         _____
                         LYLE E. STROM, Senior Judge
                         United States District Court

---

prejudicial to [Jackson] and contained the risk of [Jackson] receiving the death penalty upon further investigation or demands for investigation" by Jackson's trial counsel (Filing No. 7-10, Attach. 9, at CM/ECF pp. 26-27).