IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | 4:08CV3155 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

On April 28, 2009, the Court dismissed petitioner's habeas corpus claims with prejudice and entered judgment against him (Filing Nos. 14 and 15). On May 15, 2009, petitioner filed a timely Notice of Appeal of the court's Judgment (Filing No. 16).

Before petitioner may appeal the dismissal of his Petition for Writ of Habeas Corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a

>       substantial showing of the denial
>       of a constitutional right.
>
>       (3)  The certificate of
>       appealability under paragraph (1)
>       shall indicate which specific issue
>       or issues satisfy the showing
>       required by paragraph(2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

Petitioner has not filed a motion for a certificate of appealability or a brief in support.  (*See* Docket Sheet.)  Thus, this matter cannot proceed on appeal until the question of the certificate of appealability is considered.

---

[1] Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue.  *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

IT IS ORDERED:

1. Petitioner shall have until June 29, 2009, to file a motion for certificate of appealability and brief in support.

2. In the event that petitioner fails to file a motion and brief as set forth in this Memorandum and Order, the Court will deny the issuance of a certificate of appealability without further notice.

3. The clerk of the court is directed to set a pro se case management in this case with the following text: June 29, 2009: check for filing of motion for certificate of appealability.

DATED this 16th day of June, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court