IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL JACKSON, ) | |
| ) | |
| Petitioner, ) | 4:08CV3155 |
| ) | |
| v. ) | |
| ) | |
| FRED BRITTEN, ) | MEMORANDUM AND ORDER |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion for leave to appeal in forma pauperis (Filing No. 17), motion to appoint counsel (Filing No. 20), and motion for certificate of appealability (Filing No. 22). Petitioner filed his petition for writ of habeas corpus on July 18, 2008, asserting claims relating to his conviction for First Degree Murder, First Degree Attempted Murder, and two counts of Use of a Deadly Weapon (Filing No. 1). On April 28, 2009, this Court dismissed petitioner's claims and entered judgment in favor of respondent (Filing Nos. 14 and 15). Petitioner thereafter filed a timely Notice of Appeal (Filing No. 15).

### I. Motion for Leave to Appeal In Forma Pauperis

Federal Rule of Appellate Procedure 24(a)(1) states:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
>> (B) claims an entitlement to redress; and
>
>> (C) states the issues that the party intends to present on appeal.

In light of the information provided by petitioner in his motion for leave to appeal in forma pauperis (Filing No. 17) and accompanying affidavit (Filing No. 18), and pursuant to Federal Rule of Appellate Procedure 24(a), the Court finds petitioner may proceed in forma pauperis on appeal.

### *II. Motion to Appoint Counsel*

Petitioner's motion for appointment of counsel on appeal should be addressed to the Eighth Circuit Court of Appeals. Therefore, the Court will deny petitioner's motion without prejudice to reassertion before the Eighth Circuit.

### *III. Motion for Certificate of Appealability*

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

---

[1] Similarly, Federal Rule of Appellate Procedure 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue.  *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

(internal quotation marks omitted), citing *Barefoot v. Estelle, 463 U.S. 894 (1983)* (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

The Court has carefully reviewed the record and petitioner's memorandum and brief of points and authorities in

support of motion for certificate of appealability (Filing No. 23). Petitioner has failed to demonstrate that reasonable jurists would find this Court's ruling debatable or wrong. For the reasons stated in its April 28, 2009, memorandum opinion and order and judgment (Filing Nos. 14 and 15), which dismissed petitioner's claims on the merits, the Court will decline to issue a Certificate of Appealability. Accordingly,

IT IS ORDERED:

1. Petitioner's motion for leave to proceed in forma pauperis (Filing No. 17) is granted.

2. Petitioner's motion to appoint counsel (Filing No. 20) is denied without prejudice to reassertion before the Eighth Circuit.

3. Petitioner's motion for certificate of appealability (Filing No. 22) is denied without prejudice to reassertion before the Eighth Circuit.

4. The clerk of the court shall provide the Court of Appeals a copy of this memorandum and order.

DATED this 23rd day of July, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court